OPINION
The appellant, Dale Craft, Jr. ("appellant"), appeals the judgment of the Van Wert County Court of Common Pleas, Juvenile Division, finding him unruly, in violation of R.C. 2151.022(A). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history in this matter are as follows. The appellant is a student at Parkway Middle School in Willshire, Ohio. On February 16, 2000, the principal of Parkway, Steve Baumgartner, was teaching the appellant's math class, as the regular teacher was absent due to illness. At the beginning of the class, Baumgartner instructed the students to turn in their homework. The appellant failed to turn in the assignment, so Baumgartner handed him a "homework slip[1]" to fill out.
When Baumgartner asked the appellant to bring his homework slip to the front of the room, the appellant refused. Baumgartner again instructed the appellant to meet him at the front of the room and he refused to move out of his seat and was mumbling to himself. After several ignored requests, Baumgartner grabbed the appellant by the hood of his sweatshirt and took him out into the hall. Baumgartner told the appellant to remain in the hallway for the remainder of the class.
As soon as Baumgartner returned to the classroom, the appellant left the school and ran four blocks to his home. The appellant and his parents immediately returned to the school to discuss the matter with Baumgartner. As soon as Baumgartner noticed that the appellant was missing, he searched the school and when the appellant could not be located, he asked his secretary to call the sheriff.
When the sheriff arrived, a meeting was held with the appellant, his parents, Baumgartner, and the sheriff. The parents explained that they had instructed their son to leave the school whenever he had a problem. At the conclusion of this meeting, the appellant was suspended for two days.
On February 24, 2000, a complaint was filed in the Van Wert Court of Common Pleas alleging that the appellant was an unruly child, pursuant to R.C. 2151.022(A). On May 1, 2000, a trial was held in this matter. Evidence was presented by both the State and the appellant concerning the events of February 16 and at the conclusion of the trial, the trial court adjudicated the appellant to be unruly. It is from this judgment that the appellant now appeals, asserting two assignments of error.
 Assignment of Error No. 1 The trial court erred in overruling the Appellant's Motion for Acquittal at the conclusion of the State's case in chief as the State failed to prove each and every essential element beyond a reasonable doubt.
 In his first assignment of error, the appellant contends that the trial court erred in denying his motion for acquittal at the conclusion of the State's case-in-chief, as the State failed to identify the appellant. For the following reasons, we disagree.
The record reveals that at the close of the State's case, the appellant moved to dismiss the matter. The appellant contended that the State had failed to identify the appellant as the person who the charge was filed against. The trial court overruled this motion finding that the appellant had been identified by the trial judge at the commencement of the proceedings and that the prosecutor had adequately noted that it was the appellant he was talking about. The record reveals that the trial judge did in fact identify the appellant, as well as the other parties present, at the beginning of the hearing. As the trial court correctly pointed out, juvenile hearings may be conducted in an informal manner. Juv.R. 27(A).
Accordingly, the appellant's first assignment of error is overruled.
 Assignment of Error No. 2 The trial court erred as the manifest weight of evidence did not support a finding of unruliness.
 The appellant contends that the finding of unruly is against the manifest weight of the evidence. For the following reasons, we disagree.
In determining whether a verdict is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice the that conviction must be reversed. State v. Thompkins (1997), 78 Ohio St.3d 380,387. Appellate courts reverse on the ground of manifest weight only in exceptional cases, "where the evidence weighs heavily against the conviction." State v. Mendoza (March 31, 2000), Hancock App. NO. 5-99-46, unreported; citing Thompkins, 78 Ohio St.3d at 389.
The appellant was charged with being an unruly child in violation of R.C. 2151.022(A). R.C. 2151.022(A) defines an unruly child as:
 Any child who does not subject himself or herself to the reasonable control of his or her parents, teachers, guardian, or custodian, by reason of being wayward or habitually disobedient.
 The evidence in this matter reveals that on February 16, 2000, the appellant continually disobeyed the instructions of his teacher. The appellant refused to get and fill out a homework slip as instructed by the teacher, he refused to come to the front of the room when requested to do so, and when told to wait in the hallway, the appellant left the school building and went home. After a thorough review of the evidence in this matter, it cannot be said that the trial court created a manifest miscarriage of justice in finding the appellant to be an unruly child. The weight of the evidence clearly supports the verdict rendered by the finder of fact.
Accordingly, the appellant's second assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
WALTERS and SHAW, J.J., concur.
 ____________ HADLEY, P.J.
[1] Pursuant to school wide policy, when a student failed to complete the assigned homework, they were required to fill out a piece of paper listing the uncompleted assignment. The students were required to take this slip home, have a parent sign it and return the signed slip to the teacher the next day.